NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

MAR 2 4 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-71-KSF

CHRISTOPHER J. BOLT                                                                         PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

STEPHEN DEWALT, WARDEN, ET AL.                           DEFENDANTS

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Plaintiff Christopher J. Bolt ("Bolt"), an individual presently confined at the Federal Medical Center ("FMC") in Lexington, Kentucky, has filed a *pro se* civil rights complaint pursuant to 28 U.S.C. §1331 under the doctrine announced in *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971) [Record No. 1]. Bolt has also filed a motion to proceed *in forma pauperis* [Record No. 2].

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

1

## DISCUSSION

In his complaint, Bolt alleges that defendants, by denying him participation in the Bureau of Prison ("BOP")'s CCC program for failure to properly fill out the paperwork when they knew that he was blind, have violated his constitutional rights under the Fifth and Eighth Amendments to the Constitution of the United States and the Americans with Disabilities Act, 42 U.S.C. §12132. Whatever the merits of Bolt's legal claims, his complaint must be dismissed without prejudice on two distinct grounds.

### 1. Exhaustion of Administrative Remedies

As the Court has previously informed Bolt in several prior lawsuits filed by him, a prisoner seeking to challenge conditions incident to confinement in a civil rights suit must first exhaust all available administrative remedies. The Prison Litigation Reform Act of 1995 (PLRA) provides:

> "No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. §1997e(a); *see Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The Sixth Circuit insists that a prisoner clearly demonstrate strict compliance with the statute as of the time of filing: a plaintiff must either attach copies of the documents from the administrative grievance process, or if copies are not available, describe with particularity the administrative steps he took and responses he received in the process. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.

2000). Unless the record demonstrates that the requirements of Section 1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

Here, Bolt has not alleged, described, or documented any effort to initiate, let alone exhaust, the BOP's administrative grievance remedy set forth at 28 C.F.R. §§542.10-.19 (1998). Ordinarily, when a prisoner fails to provide information and documentation demonstrating his exhaustion of available remedies, the Court enters a Deficiency Order providing the prisoner with the opportunity to cure the deficiency by submitting documentation to the Court showing that all remedies have been exhausted on all claims prior to the filing of the complaint. In the present case, however, the Court need not do so for the reason set forth below.

### 2. "Three Strikes" Order under 28 U.S.C. §1915(g)

Plaintiff Bolt has been before this Court on a number of occasions with similar claims arising out his medical conditions and general prison conditions, and most have been dismissed for the same reason: his failure to exhaust administrative remedies. *See Bolt v. Snyder*, Civil Action No. 03-123-JMH (medical and privacy act claims dismissed for failure to exhaust administrative remedies); *Bolt v. Booker*, Civil Action No. 03-292-KSF (medical claims dismissed for failure to exhaust administrative remedies); *Bolt v. Booker*, Civil Action No. 04-33-JMH (religious accommodation claims dismissed for failure to exhaust administrative remedies); *Bolt v. Booker*, Civil Action No. 04-249-KSF (medical claims; §1915(g) warning given); *Bolt v. Booker*, Civil Action No. 05-236-JMH (habeas action challenging community program placement); *Bolt v. Booker*, Civil Action No. 05-469-KSF (medical and privacy act claims; dismissed under §1915(g)).

In the fourth of Plaintiff's suits to be dismissed for failure to exhaust, this Court advised Bolt of the adverse consequences of his continued abuse of the judicial system. In *Bolt v. Booker*, Civil

3

Action No. 04-249-KSF, the Court advised Bolt that, as a prisoner who has had three prior cases dismissed as frivolous or for failure to state a claim, his right to file further suits "shall" be suspended unless the prisoner "is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). Further, the Court advised Bolt that, as "a prisoner meeting the statutory condition of having three prior actions dismissed for any of the reasons set out above may not be granted permission to proceed without prepayment of fees under §1915."

Apparently undeterred, Bolt filed his next action a few months later, challenging the failure to place him in a halfway house in a Section 2241 proceeding. The Court declined to apply its prior "Three Strikes" warning against Bolt because habeas proceedings are only quasi-civil in nature. *Bolt v. Booker*, Civil Action No. 05-236-JMH. Bolt filed his next action in a different forum, the Western District of Missouri, asserting claims under the Privacy Act and the Eighth Amendment related to medical issues. After the case was transferred to this jurisdiction, the Court dismissed his complaint under Section 1915(g) in light of the prior "Three Strikes" warning and because Bolt had not alleged that he was in imminent danger. *Bolt v. Booker*, Civil Action No. 05-469-KSF. In the present case, Bolt has not alleged any imminent danger to his health or life, nor would the facts described in his complaint support such an assertion. Accordingly, Bolt's complaint must be dismissed without prejudice under 28 U.S.C. §1915(g).

In light of the foregoing, **IT IS HEREBY ORDERED** as follows:

1. The instant action is **DISMISSED**, *sua sponte*, without prejudice. 42 U.S.C. §1997e(a); *Brown v. Toombs*, 215 F.3d at 642; 28 U.S.C. §1915(g).

2. Plaintiff's motion to proceed *in forma pauperis* [Record No. 2] is **DENIED AS MOOT.**

4

3.  This is a **FINAL** and **APPEALABLE** order.

4.  The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d at 610-11; *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

5.  This matter (06-71-KSF) is **STRICKEN** from the active docket of the Court.

This the 24 day of March, 2006.

*KSF*
_____
KARL S. FORESTER, SENIOR JUDGE